UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

Corissa Thompson,

    Plaintiff,

v.

Maguire Iron, Inc.,

    Defendant.

**COMPLAINT**
**(Jury Trial Demanded)**

Court File No.  19-cv-4043

---

Plaintiff Corissa Thompson brings this action and states the following claims against Defendant Maguire Iron, Inc.:

## PARTIES

1. Defendant Maguire Iron, Inc. is a company incorporated in South Dakota. It offers services relating to the fabrication, construction, and maintenance of water towers and storage tanks. Maguire Iron operates in and outside of South Dakota, but its headquarters are located at 1610 North Minnesota Avenue, Sioux Falls, South Dakota.

2. Plaintiff is an individual residing in Sioux Falls, South Dakota.

3. At all relevant times, Plaintiff was an employee of Defendant.

4. At all relevant times, Defendant employed more than 15 people.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because it is incorporated in South Dakota; and because it conducts business in South Dakota, and the events giving rise to the claims happened in South Dakota.

1

6. This Court has original subject-matter jurisdiction over this Complaint because Plaintiff states claims created and arising under federal law. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state claims because they are part of the same case or controversy. 28 U.S.C. § 1367.

7. Venue is proper in this district because both Plaintiff and Defendant reside in the district, and because the events giving rise to the claims in this Complaint happened here. 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. Plaintiff Corissa Thompson is a 19-year-old woman.

9. Thompson began employment with Maguire Iron, Inc. in September 2017, where she worked as a sandblaster and fabricator.

10. A few months into her employment, a coworker named Tyler Wassom began subjecting Thompson to unwanted sexual advances and harassment. Soon thereafter, Wassom became her supervisor. The harassment continued for several months and did not end until Thompson's separation from employment in July 2018.

11. During her employment, Wassom repeatedly told Thompson that she could "be with him." Sometimes he added that she could be with him "if she grew her hair out." At the time, Thompson had a buzz-cut.

12. Wassom called Thompson and sent her messages to her over Snapchat. In these conversations, Wassom:

    a. Insisted that Thompson let him come over to her house so that he could "show her a good time."

2

    b. Said he could show Thompson "what a real dick feels like." At the time, she was in a romantic relationship with a woman.

    c. Bragged about how good he was at oral sex: claiming he could make her "cum" harder and "scream" louder than anyone else.

13. Wassom also talked about how Thompson could perform oral sex on him even though her mouth was so small.

14. The harassment included unwelcome physical contact.

15. Wassom showed up outside Thompson's house and at social outings where she was in attendance.

16. At a party in late 2017, Wassom grabbed Thompson's buttocks, ran his hand along her inner thigh, and attempted to grab her between the legs. Thompson blocked Wassom's hand, shoved him away, and told him to stop.

17. Wassom also subjected Thompson to unwanted sexual touching at work: grabbing her buttocks on numerous occasions. As a result, Thompson began wearing looser-fitting "boy" jeans hoping to dissuade Wassom from pursuing her.

18. Again and again, throughout her employment at Maguire Iron, Thompson told Wassom to stop and refused his advances.

19. On one occasion, Thompson asked Wassom, "What the f*** are you doing?" He just smirked and walked away.

20. On another occasion, Thompson threatened to report Wassom to human resources. He told her to "go ahead" because they'll "do nothing." A coworker

corroborated Wassom's confidence: warning Thompson about losing her job if she reported him.

21. On a third occasion, Thompson yelled at Wassom to stop grabbing her and threatened to report him to management. Wassom preempted the report by going to management himself and accusing Thompson of being insubordinate. She was written up.

22. In early 2018, Thompson suffered a knee injury and was put on lifting restrictions. In May 2018, she was put on additional lifting restrictions after surgery to remove her appendix.

23. On or around July 9, 2018, Wassom forced Thompson to throw more than 100 pounds of steel during a shift. Throwing this much steel was not a regular part of Thompson's job, and she objected that it violated her work restrictions. Wassom told her to do it anyway.

24. Thompson did as told. But soon, her abdomen began to hurt and her knee began to give out. Unable to continue without a break, Thompson sat down.

25. When Wassom saw Thompson sitting, he said, "I'm gonna have to write you up for this. But if you suck my cock, I won't write you up."

26. Thompson immediately sought help by reporting the incident to Dan Engelsman, Head of Fabrication. Thompson had previously reported Wassom's harassment to coworkers and a supervisor at Maguire. She had also attempted to report the harassment to human resources.

27. In response to the report, Engelsman acknowledged Thompson's work restrictions, instructed her to return to regular job duties, and said he was going to talk to Wassom.

28. Approximately 30 minutes later, Engelsman called Thompson into a conference room, fired her, and escorted her off the Maguire Iron premises.

29. On information and belief, Engelsman spoke with Wassom about the details of Thompson's report, but did not speak with human resources, before terminating her employment.

30. On November 26, 2018, Thompson filed a charge with the U.S. Equal Employment and Opportunity Commission (EEOC) and cross-filed it with the South Dakota Department of Labor and Regulation.

31. On or around December 4, 2018, the EEOC issued Thompson a Notice of Right to Sue.

## CAUSES OF ACTION

### COUNT I
**Sexual Harassment in Violation of Title VII**

32. Plaintiff incorporates the foregoing paragraphs by reference.

33. At all relevant times, Plaintiff was an employee of Defendant under Title VII. 42 U.S.C. § 2000e.

34. Title VII provides that it is "an unlawful employment practice for an employer ... to discharge any individual, or to otherwise discriminate against any

individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ....". 42 U.S.C. § 2000e-2(a)(1).

35. Plaintiff was subjected to severe and pervasive sexual harassment, which created a hostile, intimidating, and offensive work environment. The harassment was unwelcome.

36. Plaintiff's submission to, or rejection of, sexual harassment was used a basis for decisions affecting her employment.

37. Defendant knew or should have known about the sexual harassment, and failed to take corrective action.

38. Defendant's conduct described herein violates 42 U.S.C. § 2000e-2(a)(1).

39. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer injuries, including the loss of past, present, and future income and benefits; mental anguish, emotional distress, humiliation, embarrassment, loss of reputation; and other injuries. Because of these injuries, Plaintiff is entitled to damages in an amount greater than $75,000.

40. Plaintiff is entitled to interest on her losses and to her attorneys' fees, costs, and disbursements incurred in connection with this claim.

41. Because Defendant committed the foregoing acts with malice or reckless indifference to Plaintiff's federally protected rights, she is also entitled to punitive damages.

## COUNT II
## Retaliation in Violation of Title VII

42. Plaintiff incorporates the foregoing paragraphs by reference.

43. At all relevant times, Plaintiff was an employee of Defendant under Title VII. 42 U.S.C. § 2000e.

44. Title VII provides in part that it is an unlawful employment practice for an "employer to … discriminate against any individual … because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

45. Plaintiff engaged in protected activity by reporting and opposing her sexual harassment. Defendant discharged Plaintiff from employment because of this protected activity. Defendant's conduct violates 42 U.S.C. § 2000e-3(a).

46. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer injuries, including the loss of past, present, and future income and benefits; mental anguish, emotional distress, humiliation, embarrassment, loss of reputation; and other injuries. Because of these injuries, Plaintiff is entitled to damages in an amount greater than $75,000.

47. Plaintiff is entitled to interest on her losses and to her attorneys' fees, costs, and disbursements incurred in connection with this claim.

48. Because Defendant committed the foregoing acts with malice or reckless indifference to Plaintiff's federally protected rights, she is also entitled to punitive damages.

## COUNT III
### Disability Discrimination in Violation of the ADA

49. Plaintiff incorporates the foregoing paragraphs by reference.

50. At all relevant times, Plaintiff had an actual, recorded, or perceived disability under the ADA.

51. At all relevant times, Plaintiff was a qualified individual under the ADA.

52. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

53. Defendant knew about Plaintiff's physical limitations.

54. Defendant discriminated against Plaintiff on the basis of disability when it, among other things, failed to accommodate her lifting restrictions, threatened to discipline her unless she participated in a sex act when she sought accommodations, denied her employment opportunities, and terminated her employment.

55. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer injuries, including the loss of past, present, and future income and benefits; mental anguish, emotional distress, humiliation, embarrassment, loss of

reputation; and other injuries. Because of these injuries, Plaintiff is entitled to damages in an amount greater than $75,000.

56. Plaintiff is entitled to interest on her losses and to her attorneys' fees, costs, and disbursements incurred in connection with this claim.

57. Because Defendant committed the foregoing acts with malice or reckless indifference to Plaintiff's federally protected rights, she is also entitled to punitive damages.

## COUNT IV
### Retaliation in Violation of the ADA

58. Plaintiff incorporates the foregoing paragraphs by reference.

59. At all relevant times, Plaintiff was an employee of Defendant under the ADA.

60. Section 12203 of the ADA prohibits employers from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by this chapter …."

61. Plaintiff engaged in protected activity by exercising her rights under the ADA.

62. Defendant discharged and otherwise retaliated against Plaintiff because of this protected activity. Defendant's conduct violates 42 U.S.C. § 12203.

63. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer injuries, including the loss of past, present, and future income and benefits; mental anguish, emotional distress, humiliation, embarrassment, loss of

reputation; and other injuries. Because of these injuries, Plaintiff is entitled to damages in an amount greater than $75,000.

64. Plaintiff is entitled to interest on her losses and to her attorneys' fees, costs, and disbursements incurred in connection with this claim.

65. Because Defendant committed the foregoing acts with malice or reckless indifference to Plaintiff's federally protected rights, she is also entitled to punitive damages.

## COUNT V
### Interference in Violation of the ADA

66. Plaintiff incorporates the foregoing paragraphs by reference.

67. At all relevant times, Plaintiff was an employee of Defendant under the ADA.

68. Section 12203 of the ADA prohibits employers from "coerc[ing], intimidat[ing], or intefer[ing] with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed … any right granted or protected by this chapter."

69. Defendant interfered with Plaintiff's exercise of her ADA rights by failing to accommodate her lifting restrictions, threatening to discipline her unless she participated in a sex act when she sought accommodations, denying her employment opportunities, and terminating her employment. Defendant's conduct violates 42 U.S.C. § 12203.

70. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer injuries, including the loss of past, present, and future income and

benefits; mental anguish, emotional distress, humiliation, embarrassment, loss of reputation; and other injuries. Because of these injuries, Plaintiff is entitled to damages in an amount greater than $75,000.

71. Plaintiff is entitled to interest on her losses and to her attorneys' fees, costs, and disbursements incurred in connection with this claim.

72. Because Defendant committed the foregoing acts with malice or reckless indifference to Plaintiff's federally protected rights, she is also entitled to punitive damages.

## COUNT VI
### Failure to Accommodate in Violation of the ADA

73. Plaintiff incorporates the foregoing paragraphs by reference.

74. At all relevant times, Plaintiff had an actual, recorded, and/or perceived disability under the ADA.

75. At all relevant times, Plaintiff was a qualified individual under the ADA.

76. Section 12112(b)(5)(A) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ."

77. Defendant knew about Plaintiff's physical limitations.

78. Defendant failed to accommodate Plaintiff's lifting restrictions when it forced her to violate them and terminated her employment without engaging in an interactive process.

79. Because Defendant violated 42 U.S.C. § 12112, Plaintiff has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Plaintiff is also entitled to attorneys' fees and costs incurred in connection with these claims.

80. Defendant committed the above-alleged acts with reckless or deliberate disregard for Plaintiff's rights and safety. As a result, Plaintiff is entitled to punitive damages.

## COUNT VII
### Sexual Harassment under S.D. Stat. § 20-13-10

81. Plaintiff incorporates the foregoing paragraphs by reference.

82. At all relevant times, Plaintiff was an employee of Defendant under S.D. Stat. § 20-13-1 *et. seq.*

83. The South Dakota Human Relations Act of 1972 makes it an unfair or discriminatory practice to discharge and employee or refuse to hire and applicant because of sex. S.D. Stat. § 20-13-10.

84. Plaintiff was subjected to sexual harassment, which created a hostile, intimidating, and offensive work environment. The sexual harassment was unwelcome.

85. Plaintiff's submission to, or rejection of, sexual harassment was used a basis for employment decisions affecting her.

86. Defendant knew or should have known about the sexual harassment, and failed to take corrective action.

87. Defendant's conduct described herein violates S.D. Stat. § 20-13-10.

88. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer injuries, including the loss of past, present, and future income and benefits; mental anguish, emotional distress, humiliation, embarrassment, loss of reputation; and other injuries. Because of these injuries, Plaintiff is entitled to damages in an amount greater than $75,000. *See* S.D. § 20-13-35.1.

## COUNT VII
### Retaliation under S.D. Stat. § 20-13-26

89. Plaintiff incorporates the foregoing paragraphs by reference.

90. At all relevant times, Plaintiff was an employee of Defendant under S.D. Stat. § 20-13-1 *et. seq.*

91. The South Dakota Human Relations Act of 1972 makes it an unfair or discriminatory practice to engage in any reprisal, economic or otherwise, against a person by reason of her protected activity. S.D. Stat. § 20-13-26.

92. Plaintiff engaged in protected activity by reporting and opposing sexual harassment, requesting an accommodation for a disability, and reporting and opposing disability discrimination. Defendant discharged Plaintiff from employment because of this protected activity. Defendant's conduct violates S.D. Stat. § 20-13-26.

93. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer injuries, including the loss of past, present, and future income and benefits; mental anguish, emotional distress, humiliation, embarrassment, loss of reputation; and other injuries. Because of these injuries, Plaintiff is entitled to damages in an amount greater than $75,000. *See* S.D. § 20-13-35.1.

94. Because Defendant's conduct as described herein was willful, wanton, or malicious, Plaintiff is also entitled to punitive damages. *See* S.D. § 20-13-35.1.

## COUNT VIII
### Disability Discrimination under S.D. Stat. § 20-13-10

95. Plaintiff incorporates the foregoing paragraphs by reference.

96. At all relevant times, Plaintiff was an employee of Defendant under S.D. Stat. § 20-13-1 *et. seq.*

97. At all relevant times, Plaintiff had an actual, recorded, or perceived disability under Section 20-13-1.

98. Section 20-13-10 prohibits employers from discriminating against employees on the basis of disability. Section 20-13-23.7 requires employers to make good-faith efforts to accommodate employees with a disability.

99. Defendant knew about Plaintiff's physical limitations.

100. Defendant did not make good-faith efforts to accommodate Plaintiff.

101. Defendant discriminated against Plaintiff on the basis of disability when it, among other things, failed to accommodate her lifting restrictions, threatened to discipline her unless she participated in a sex act when she sought accommodations, denied her employment opportunities, and terminated her employment. Defendant's conduct violated Section 20-13-10 and Section 20-13-23.7.

102. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer injuries, including the loss of past, present, and future income and benefits; mental anguish, emotional distress, humiliation, embarrassment, loss of

reputation; and other injuries. Because of these injuries, Plaintiff is entitled to damages in an amount greater than $75,000. *See* S.D. § 20-13-35.1.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury. Fed. R. Civ. P. 38(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court issue an order for judgment:

A. Declaring that the acts or practices of Defendant alleged herein violate Plaintiff's rights under applicable law, and granting appropriate injunctive relief;

B. Awarding Plaintiff her economic losses, including but not limited to past and future loss of income and benefits as permitted or required by her claims;

C. Awarding Plaintiff damages for her emotional distress, loss of reputation, and other injuries as permitted or required by her claims;

D. Awarding Plaintiff punitive damages as permitted or required by her claims;

E. Awarding Plaintiff interest on her damages award as permitted or required by her claims;

F. Awarding Plaintiff her attorneys' fees, costs, and disbursements as permitted or required by her claims; and

G. Granting all such other and further relief available at law, or that the Court deems equitable and just.

Dated: February 22, 2019

**JOHNSON POCHOP & BARTLING**

s/Stephanie E. Pochop
Stephanie E. Pochop (SD# 1379)
stephanie@rosebudlaw.com
405 Main Street
Gregory, SD 57533
Telephone: (605) 835-8391
Fax: (605) 835-8742

15

**NICHOLS KASTER, PLLP**
Steven Andrew Smith* (MN# 260836)
smith@nka.com
Matthew A. Frank* (MN# 395362)
mfrank@nka.com
80 South Eighth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878

**ATTORNEYS FOR PLAINTIFF**

(*Motion for Admission Pro Hac Vice forthcoming)

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Corissa Thompson

### DEFENDANTS
Maguire Iron, Inc.

**(b)** County of Residence of First Listed Plaintiff: Minnehaha
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephanie Pochop
Johnson Pochop & Bartling
405 Main Street, Gregory, SD 57533  (605) 835-8391

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Plaintiff brings suit under 42 U.S.C. § 2000e and 42 U.S.C. § 12101.
Brief description of cause:
Sex discrimination, retaliation, and disability discrimination in violation of state and federal laws.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____   DOCKET NUMBER: _____

DATE: 02/22/2019
SIGNATURE OF ATTORNEY OF RECORD: s/Stephanie E. Pochop

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____